No. 13,072.

HENTZELL *v.* HILDEBRAND ET AL.

(12 P. [2d] 343)

Decided May 23, 1932.

Mr. HORATIO S. RAMSEY, Mr. HARRY G. SAUNDERS, for plaintiff in error.

Mr. H. A. HICKS, Mr. H. A. HICKS, JR., for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

HENRY Hildebrand and Anna M. Hildebrand obtained a judgment against Alfred A. Hentzell, canceling a promissory note and a deed of trust. Hentzell seeks a reversal of that judgment.

This is a controversy between the lender and the

borrowers of money. Mitchell, a lawyer, was practically the sole owner of, and the agent for, a realty and investment company. From time to time Hentzell had dealings with Mitchell, lending money through him and purchasing secured notes from him, and in each case he employed Mitchell as his attorney to examine the abstract of title and to see that the papers were properly drawn. As a result of the business transacted for Hentzell by Mitchell, the latter became indebted to the former in the sum of $1,200 for money entrusted by the former to the latter for the purpose of making a loan—not the one involved in this suit. The Hildebrands, owners of certain land in Jefferson county, applied to Mitchell for a loan of $3,000 thereon. The land already was encumbered by what is referred to in the record as a federal loan, the balance due being approximately $1,800. Mitchell submitted the application to Hentzell, who told Mitchell that he (Hentzell) would make the loan provided the title was all right and that Mitchell would repay the $1,200 to Hentzell, or pay that amount to the Hildebrands as part of the loan. The Hildebrands knew nothing of this conversation or of Mitchell's indebtedness to Hentzell. It was understood that Hentzell would not make the loan unless the federal loan was paid off, so as to make his loan a first encumbrance on the Hildebrand land. The federal loan was to be paid out of the $3,000 that Hentzell was to lend to the Hildebrands. Mitchell obtained from the Hildebrands their note for $3,000 and their deed of trust on the representation that it was necessary for him to have them in order to protect Hentzell in advancing the money to pay off the federal loan. For the purpose of paying off that loan, Hentzell gave Mitchell a check for $1,748, payable to the order of Mitchell. The trial court found that that amount was sufficient for that purpose. Mitchell cashed the check, but, instead of paying off the federal loan, he converted the $1,748 to his own use. Mitchell did not pay to the Hildebrands any part of the $1,200 that he owed to Hentzell and that he

was directed by Hentzell to pay to the Hildebrands as part of the loan. The Hildebrands never received any part of the money Hentzell had promised to lend to them. In this transaction, as in previous transactions, Hentzell employed Mitchell to examine the title and to see that the papers were made out properly and that his loan became a first lien. True, the Hildebrands agreed to pay that expense, but that burden customarily is imposed upon borrowers, and such agreement did not conclusively prove that Mitchell was their attorney or agent. Nor did their agreement to pay Mitchell a commission have that effect. That burden, also, customarily is imposed upon borrowers. According to the trial court's findings, Hentzell insisted that Mitchell was representing him in the transaction.

Some of the facts detailed above were established by direct evidence, most of it uncontradicted; some, by legitimate inferences drawn by the trial court from facts and circumstances in evidence. The trial court, after reviewing the evidence, concluded that Mitchell was Hentzell's agent in the transaction, and that Hentzell, not the Hildebrands, must bear the loss. We have examined the record with care, and are satisfied that the court's findings are supported by the evidence, and that the judgment canceling the note and the deed of trust is justified by the evidence and the law.

The judgment is affirmed.

MR. JUSTICE ALTER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE MOORE concur.